UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80987-CV-BLOOM
17-80095-CR-BLOOM

WILLIE JUSTIN DAWKINS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Willie Justin Dawkins's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion"), ECF No. [14], which the Court construes as a motion to proceed *in forma pauperis* on appeal. The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting § 1915 to apply to all persons seeking to proceed IFP).

Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of N.J.*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for § 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 17, 2020). Further, the § 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

To the extent that Movant is appealing the Court's Order, ECF No. [7], denying Movant's *pro se* Motion under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. [1], he may proceed *in forma pauperis* on appeal. Movant is currently incarcerated, and he swears in his Motion that he does not earn any wages and is currently unemployed. *See* ECF No. [14]. Movant has also attached a copy of his inmate account reflecting a current account balance of $400.80. *See id.* at 6. Upon review of the HHS poverty guidelines and after examining Movant's financial

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

situation, the Court determines that he is unable to pay the required filing fee and thus qualifies for indigent status under § 1915.

Accordingly, it is **ORDERED AND ADJUDGED** that Movant's Motion, **ECF No. [14]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 1, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

**Willie Justin Dawkins**
16254-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE